UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:                                                                Case No.: 19-14605-JKO
                                                                      (Jointly Administered)
AMERICAN RESOURCE
MANAGEMENT, LLC (DE),                                                 Chapter 11

       Debtor.
_____/

**EMERGENCY MOTION TO COMPEL CHAPTER 11 TRUSTEE TO ASSUME
OR REJECT EXECUTORY CONTRACT PURSUANT TO 11 U.S.C. § 365**

**(Expedited hearing requested on or before April 30, 2019)**

**Movant submits that a hearing on this Motion is necessary on an expedited basis as direct, immediate, and substantial harm will occur to both Movant's and Debtors' interests in legal files and obligations presently maintained by Movant subject to a standing retainer agreement between Debtor and Movant. Should Movant be unable to continue providing legal services to the Debtors' customers, irreparable harm will likely result to the Debtor and potentially other parties in interest, including Movant.**

Totten Franqui Davis & Burk, LLC ("TFDB" or "Movant"), in accordance with Sections 365(b) of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), moves for the entry of an Order: (i) compelling the appointed Chapter 11 Trustee (the "Trustee"), to assume or reject the Retainer Agreement by and Between Resort Release and Totten Franqui Davis & Burk, LLC (the "Retainer Agreement") within five (5) days of the entry of an Order granting this Motion (the "Motion"). In support of its Motion, TFDB states the following:

## INTRODUCTION

The Debtor has defaulted under the Retainer Agreement by, *inter alia*: (i) failing to make pre- and post-petition payments to TFDB legal services and expense

reimbursements. On April 18, 2019, the Court entered its Order Directing the Appointment of a Chapter 11 Trustee [ECF No. 45] (the Trustee Order"). Prior to entry of the Trustee Order, undersigned counsel contacted counsel for the Debtor in an effort to resolve the relief requested in this Motion on a consensual basis. However, as of the date of this Motion, TFDB has not received any post-petition payments or expense reimbursement from the Debtor and continues to provide legal services to approximately 2,000 separate clients of TFDB and of the Debtor across the United States. Accordingly, TFDB seeks entry of an Order immediately compelling the Chapter 11 Trustee to assume or reject the Retainer Agreement.

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1. This Court has jurisdiction over the parties and this proceeding and subject matter of this Motion pursuant to the Bankruptcy Code, 11 U.S.C. §§101 *et seq.*, 28 U.S.C. § 1334, 28 U.S.C. § 157(a), under the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, and by standing order of reference entered by the District Court. This matter constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 365(b).

## FACTS RELATED TO RELIEF REQUESTED

4. On April 9, 2019 (the "Petition Date"), the above-captioned Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. On April 15, 2019, the Court entered its Order Granting Motion for Joint Administration [ECF No. 14] directing joint administration of the Debtors and designating the above-captioned as the lead case.

6. On April 18, 2019, the Court entered its Order Directing the Appointment of a Chapter 11 Trustee [ECF No. 45].

7. On April 24, 2019, the Court entered its Order Approving Appointment of Chapter 11 Trustee [ECF No. 55], designating Barry E. Mukamal as Chapter 11 Trustee.

8. American Resource Management Group, LLC (FL)[1] has defaulted on its obligations to compensate Movant for legal services and reimburse expenses services under the Retainer Agreement

9. Under the terms of the Retainer Agreement, the Debtor owes TFDB the total amount of not less than $14,214.70 for pre-petition expense reimbursements.

10. Moreover, the Debtors are in post-petition default under the Retainer Agreement by failing make post-petition payments to TFDB in the total amount of not less than $114,000.00.

11. The continued operation of TFDB as a law firm is primarily based upon the financial structure provided by the Retainer Agreement.

12. As of the date of this Motion, the Debtors have neither assumed nor rejected the Retainer Agreement and have not made any post-petition payments to TFDB for post-petition obligations due thereunder.

---

[1] Case No. 19-14607-JKO, jointly administered.

**RELIEF REQUESTED**

13. The Chapter 11 Trustee should be compelled within five (5) days of entry of an order granting this Motion to immediately assume or reject the Retainer Agreement.

14. The Debtors are in post-petition arrears under the Retainer Agreement and have accrued post-petition arrearages while continuing to utilize and benefit from the services provided and expenses paid by the Movant.

15. **More importantly, if the arrearages remain unpaid and the Retainer Agreement remains unassumed, it is *extremely likely* that the Movant will be unable to continue providing services to the approximately 2,000 clients and customers of the Debtors, which would then result in a *very large* number of reimbursement claims against the bankruptcy estate.**

16. An immediate determination of the Trustee's intent with respect to the Retainer Agreement and the obligations thereunder is necessary to protect not only TFDB's rights and interests, but the rights of Debtors' thousands of customers as well.

WHEREFORE, Movant respectfully requests that this Court enter an order (i) compelling the Chapter 11 Trustee to assume or reject the Retainer Agreement within five (5) days of the entry of an Order granting this Motion; and (ii) granting such other appropriate legal and equitable relief as is just and proper under the circumstances of this case.

David A. Ray, P.A.
Counsel for Totten Franqui
Davis & Burk, LLC

By: /s/ *David Ray*
David A. Ray
Fla. Bar No. 13871
1330 Southeast 4th Avenue, Suite I

Fort Lauderdale, Florida 33316  
Ph: 954-399-0105  
dray@draypa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 24, 2019, a true and correct copy of this filing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that this filing is being served on counsel of record and parties in interest on this day via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *David Ray*  
David A. Ray