

**ORDERED in the Southern District of Florida on May 16, 2019.**

John K. Olson, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **Case No.: 19-14605-BKC-JKO** |
| **AMERICAN RESOURCE MANAGEMENT GROUP, LLC (DE)**, *et al.*,[1] EIN: 35-2620369 | **Chapter 11** **Jointly Administered**[2] |
| Debtors._____/ | |

**NOTICE OF CONTINUED HEARINGS (ECF No. 4, 18, 83)
AND FURTHER INTERIM ORDER IMPOSING STAY (ECF No. 58)**

---

[1] The Trustee will be filing amended voluntary petitions to correct the names for some of the debtor entities.

[2] Additional Jointly Administered Chapter 11 Cases:  (a) American Resource Management Group, LLC (IL), EIN: 45-4466948 (Case No. 19-14606); (b) ARMG Holdings, LLC (FL) f/k/a American Resource Management Group, LLC (FL), EIN: 46-4051532 (Case No. 19-14607); (c) Boomtown Holding Group, LLC (DE), EIN: 82-4694300 (Case No. 19-14608); (d) Redemption and Release, LLC (DE), EIN: 30-1041362 (Case No. 19-14609); (e) Redemption Holdings USA, LLC f/k/a Redemption and Release, LLC (FL), EIN: 45-3992101 (Case No. 19-14610); (f) Resort Exit Team LLC (FL), EIN: 83-4337729 (Case No. 19-14612); (g) Vacation Properties for Less, LLC (DE), EIN: 36-4894455 (Case No. 19-14611); and VPL Holdings, LLC (FL) f/k/a Vacation Properties for Less, LLC (FL), EIN: 82-1608783 (Case No. 19-14613).

1

On May 15, 2019 at 10:00 a.m., the Bankruptcy Court conducted an initial status conference hearing in connection with the prior appointment of the Chapter 11 Trustee (ECF No. 45). As part of the status report presented by the Chapter 11 Trustee, one of the issues discussed was the joint request to continue the interim stay and the scope of such continued stay of the District Court Actions (defined below) previously issued by the Bankruptcy Court that initially ran through the May 15th hearing ("**Interim Stay Order**") (ECF No. 58).

The prior Interim Stay Order imposed an interim stay with respect to motion practice in the pair of pending District Court litigation cases styled *Wyndham Vacation Ownership, Inc. et al. v. Totten Franqui David & Burk, et al*, Case NO.: 9:18-cv-81055 (S.D.Fla.) (the "Wyndham Action") and *Bluegreen Vacations, Unlimited, Inc. et al. v. Totten Franqui Davis & Burk, LLC*, et. al., Case No.: 6:18-cv-02188 (M.D. Fla.) (together, the "**District Court Actions**"). The Interim Stay Order permitted an exception to the interim stay for participation in a mediation scheduled in the Wyndham Action for May 8, 2019 and for the taking of certain discovery as more particularly described in the Interim Stay Order.

The Interim Stay Order also was without prejudice to the parties' respective pending positions concerning (a) the applicability and scope of, or relief sought from, the automatic stay (ECF Nos. 4, 12), (b) whether any stay violation occurred (ECF No. 96) or (c) whether the automatic stay should be extended to non-debtor parties (ECF Nos. 18, 31, 32 and 86). The Court made no findings or determinations concerning any of these matters.

On May 6, 2019, the Debtors' principals filed a motion for protective order as to Rule 2004 examinations duces tecum that were issued by Wyndham Vacation Ownership Inc. et al ("Wyndham") (ECF No. 83).

At the May 15th status conference, Trustee's counsel advised the Court that the Chapter 11 Trustee ("Trustee"), Wyndham, the Debtors' principals ("Principals"), and Totten Franqui Davis & Burk, LLC ("Totten Law Firm") participated in mediation on May 8, 2019 in the Wyndham Action. The Trustee reported that an agreement in principle was reached subsequent to the mediation -- subject to reaching consensus on certain points still being negotiated -- between the Trustee, Wyndham and the Principals, while the mediation resulted in an impasse with the Totten Law Firm.

At the status conference, the Trustee, Wyndham and Principals jointly requested the continuation of the interim stay with respect to the entirety of the District Court Actions, along with the pending bankruptcy matters as between the Trustee, Wyndham and Principals until the next currently scheduled hearing date in this Bankruptcy case (June 5, 2019 at 10:30 a.m.). However, the interim stay would not be applicable to non-bankruptcy matters and motions between Plaintiffs and the Totten Law Firm in the District Court Actions, and such matters and motions would not be impeded by the interim stay.

Based on the presentation of the Trustee at the status conference and the agreement as to the scope of continuing the interim stay between the Trustee, Wyndham and the Principals, and the Bankruptcy Court otherwise being duly advised on the premises, it is –

**ORDERED** as follows:

1.     The Bankruptcy Court will conduct continued hearings on **June 5, 2019 at 10:30 a.m**. at the U.S. Courthouse, Courtroom 301, 299 E. Broward Blvd., Ft. Lauderdale, Florida 33301 on the following matters:

    A. **Wyndham's Motion for Relief From Stay (ECF No. 4), along with responses filed as ECF Nos. 12 and 96;**

    B. **Debtors' Motion to Impose Automatic Stay (Co-Debtor Stay Motion) (ECF No. 18), along with responses at ECF Nos. 31, 32 and 86; and**

    C. **Principals' Motion for Protective Order as to Rule 2004 Examinations Duces Tecum (ECF No. 83), along with the response filed at ECF No. 95.**

2.  A further interim stay is granted with respect to the entirety of the District Court Actions through June 5, 2019, the date of the continued bankruptcy court hearings, except the further interim stay would not be applicable to non-bankruptcy matters and motions between Plaintiffs and the Totten Law Firm in the District Court Actions, and such matters and motions would not be impeded by the further interim stay.

3.  The parties shall file copies of this Order in the dockets of the District Court Actions to advise the District Courts of the entry of this Order and of their inability, as a result of the further Interim Stay, to meet motion filing and response deadlines except as to the Totten Law Firm that occur during the period of the further Interim Stay.

4.  As with the initial Interim Stay Order, nothing herein shall prejudice the parties' respective positions concerning (a) the applicability and scope of, or relief sought from, the automatic stay (ECF Nos. 4, 12), (b) whether any stay violation occurred (ECF No. 96), (c) whether the automatic stay should be extended to non-debtor parties (ECF Nos. 18, 31 32 and 86), and now (d) whether the Principals are entitled to protection from the pending Rule 2004 duces tecum requests. The Court has made no findings or determinations concerning any of these matters.

###

Submitted by:   Corali Lopez-Castro, Esq.
David A. Samole, Esq.
Mindy Y. Kubs, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134
Telephone:   305-372-1800
Facsimile:   305-372-3508
E-mail:   clc@kttlaw.com
das@kttlaw.com
myk@kttlaw.com

Copies furnished to:
David A. Samole, Esq.
[Attorney Samole is directed to serve copies of this order on all interested parties and to file a certificate of service]

5