

**ORDERED in the Southern District of Florida on April 4, 2025.**

*Scott M. Grossman*
_____
**Scott M. Grossman, Judge
United States Bankruptcy Court**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO.: 19-14605-BKC-SMG |
| AMERICAN RESOURCE MANAGEMENT GROUP, LLC (DE), *et al.*, EIN: 35-2620369 | Chapter 11<br>Jointly Administered [1] |
| Debtors._____/ | |

### FINAL DECREE AND ORDER CLOSING ALL CASES

This Court has considered the motion filed by Barry E. Mukamal, the duly appointed Chapter 11 trustee (the "Trustee") in these Jointly Administered Cases, seeking the entry of an order dismissing and closing the Chapter 11 Cases and granting related relief, pursuant to sections

---

[1] Jointly Administered Chapter 11 Cases: (a) American Resource Management Group, LLC (DE), EIN: 35-2620369 (Case No. 19-14605) (b) American Resource Management Group, LLC (IL), EIN: 45-4466948 (Case No. 19-14606); (c) ARMG Holdings, LLC (FL) f/k/a American Resource Management Group, LLC (FL), EIN: 46-4051532 (Case No. 19-14607); (d) Boomtown Holding Group, LLC (DE), EIN: 82-4694300 (Case No. 19-14608); (e) Redemption and Release, LLC (DE), EIN: 30-1041362 (Case No. 19-14609); (f) Redemption Holdings USA, LLC f/k/a Redemption and Release, LLC (FL), EIN: 45-3992101 (Case No. 19-14610); (g) Resort Exit Team LLC (FL), EIN: 83-4337729 (Case No. 19-14611); (g) Vacation Properties for Less, LLC (DE), EIN: 36-4894455 (Case No. 19-14612); and (h) VPL Holdings, LLC (FL) f/k/a Vacation Properties for Less, LLC (FL), EIN: 82- 1608783 (Case No. 19-14613) (collectively "**Jointly Administered Cases**").

105(a), 305, 349, 363(b)(1), 554(a), and 1112(b) of the Bankruptcy Code and Bankruptcy Rules 1017, 2002, 6007, and 9013 (the "<u>Motion</u>") (ECF NO. 1296),[2] as well as the Certification filed by Trustee's counsel (ECF No. 1450).

The Court notes that (a) it has jurisdiction to consider the Motion and the Certification and the relief requested therein pursuant to 28 U.S.C. § 1334; (b) consideration of the Motion and Certification and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and (c) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

The Court finds that due and sufficient notice of the Motion and Certification has been given under the particular circumstances, and no other or further notice is necessary. The Court has determined that the legal and factual bases set forth in the Motion and Certification establish just cause for the relief granted herein, including that the court-appointed Trustee has now completed his wind-down of the Estates and there are no active business operations, and dismissal with the related conditions referenced in the Initial Order and Certification now completed, as well as the related terms of this Final Decree and Order Closing All Cases, is in the best interests of the Estates and the creditors based on the specific facts and circumstances of these cases.

Therefore, it is –

**ORDERED** as follows:

1. The Motion is GRANTED based on the specific facts and circumstances of these cases.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

3. Pursuant to Section 1112(b) of the Bankruptcy Code, the Chapter 11 Cases of the following Debtors are hereby dismissed, closed and a final decree is granted, effective as of the date hereof:

| **Debtor** | **Case Number** |
|---|---|
| American Resource Management Group, LLC (DE)<br>EIN: 35-2620369 | 19-14605-SMG |
| American Resource Management Group, LLC (IL)<br>EIN: 45-4466948 | 19-14606-SMG |
| ARMG Holdings, LLC (FL) f/k/a American Resource Management Group, LLC (FL)<br>EIN: 46-4051532 | 19-14607-SMG |
| Boomtown Holding Group, LLC (DE)<br>EIN: 82-4694300 | 19-14608-SMG |
| Redemption and Release, LLC (DE)<br>EIN: 30-1041362 | 19-14609-SMG |
| Redemption Holdings USA, LLC f/k/a Redemption and Release, LLC (FL)<br>EIN: 45-3992101 | 19-14610-SMG |
| Resort Exit Team LLC (FL)<br>EIN: 83-4337729 | 19-14611-SMG |
| Vacation Properties for Less, LLC (DE)<br>EIN: 36-4894455 | 19-14612-SMG |
| VPL Holdings, LLC (FL) f/k/a Vacation Properties for Less, LLC (FL)<br>EIN: 82- 1608783 | 19-14613-SMG |

4. Notwithstanding anything in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules to the contrary, including, without limitation, section 349 of the Bankruptcy Code for which cause has been shown as determined by this Court, then all prior orders, releases, stipulations, settlements, rulings, and judgments entered and/or made during the course of these Chapter 11 Cases and any related adversary proceedings, including, without limitation, the Final Settlement Orders, the Orders Sustaining Omnibus Claims Objections, the Initial Order and this

3

Dismissal Order, and other orders addressing the use and disposition of assets and funds of the Estates, shall remain in full force and effect, shall be unaffected by the dismissal of these Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata.*

5. Each of the Professionals' retentions by the Estates is terminated without the need for further action on the part of this Court, the Trustee, or such firms. Notwithstanding anything to the contrary herein, the Court shall retain jurisdiction to consider and rule on any issues in connection with any final fee applications, claims distribution or administrative expense issues following entry of this Order, to the extent necessary.

6. The Debtors were previously deemed in the Initial Order to be dissolved for all purposes (if not previously deemed effective by prior involuntary/administrative dissolutions) and withdrawn from their business operations from any state in which they were previously conducting, or are registered or licensed to conduct their business operations including Delaware, Florida and Illinois, and shall not be required to file any document, pay any sum or take any other action in order to effectuate such dissolution and withdrawal. The Trustee, the Estates and the Debtors shall not be liable in any manner to any taxing authority for franchise, business, capital, license or similar taxes accruing on or after the entry of the prior Initial Order and once again confirmed by this Order. The Bankruptcy Court retains exclusive jurisdiction over any and all issues relating to the dissolution of the Debtors under the terms of the Initial Order and this Order.

7. Stretto, as the Estates' claims and noticing agent, is relieved of its responsibilities as the Estates' claims and noticing agent in these cases; provided that Stretto shall continue to serve as claims and noticing agent for the Estates until these Chapter 11 Cases have been closed. Within 14 days after the entry of an order dismissing and closing these Chapter 11 Cases, Stretto will (a) forward to the Clerk of the Court an electronic version of all imaged proofs of claim, (b)

upload the creditor mailing list into CM/ECF and (c) file a Final Claims Register containing claims asserted in all of the jointly administered Debtors' cases onto the docket of Case No. 19-14605. Stretto shall also continue to host a free access legacy case website (https://case.stretto.com/armg) for a period of at least 6 months after the entry of the Final Dismissal/Closing Order which, among other things, shall include the updated "Frequently Asked Questions" section for former ARMG customers and creditors.

8. This Order shall be effective immediately upon entry and any stay of the effectiveness provided for by the Bankruptcy Code or the Bankruptcy Rules is hereby abrogated.

9. The Trustee is authorized to take any and all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

10. Notwithstanding the dismissal and closing of the Chapter 11 Cases, to the extent allowed by applicable law, this Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other Order of this Court entered in the Chapter 11 Cases.

###

Submitted by:

David A. Samole, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce De Leon, 9th Floor
Miami, Florida 33134
Telephone: 305-372-1800
E-mail: das@kttlaw.com
*Attorneys for Chapter 11 Trustee*

Attorney David A. Samole is directed to serve copies of this order on all interested parties and to file a certificate of service.